UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


UNITED STATES OF AMERICA

v.                                          Case No. 3:08-cr-256-J-32HTS

QUINTIN TYRONNE ANDERSON

_____

**REPORT AND RECOMMENDATION**[1]

**I. Status**

This cause is before the Court on the Motion to Suppress Physical Evidence (Doc. #23; Motion), filed on September 5, 2008. The United States' Response in Opposition to Defendant's Motion to Suppress Physical Evidence (Doc. #28) was filed on September 29, 2008. An evidentiary hearing was held before the undersigned on October 1 and 7, 2008, in regard to the first two issues raised in the Motion, and a Report and Recommendation (Doc. #45; R & R) addressing them entered on October 15, 2008. Evidence and argument were presented in relation to the third and final issue on October 17, 2008.

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

## II. Testimony

**George Steven Gazdick**

Officer Gazdick has been employed by the St. Johns County Sheriff's Office as a deputy sheriff since 1999. He is a canine handler and has served in the K-9 unit for about six years. Deputy Gazdick has had two different dogs assigned to him during that time. His present canine, Aron, has worked with him since 2003. The officer and Aron have attended both patrol and narcotics detection schools together. The latter training entailed the investment of more than two hundred hours. Gazdick is a certified canine handler and is also a trainer. He and Aron have been previously recertified, including in 2006 and 2007. Recertification training involves testing the dog's ability to alert to the odor of drugs in both hotel rooms and vehicles (as well as the officer's ability to recognize the alert). During this training, Aron's accuracy rate has been 100%. Neither the deputy nor the dog have ever lost the certification status.

Aron has been trained to detect the odor of crack and powder cocaine, methamphetamine, marijuana, heroin, and ecstacy. He evidences the detection of these odors through a series of behavioral changes, culminating with sitting and focusing on the source of the odor. Because the dog detects odor, there are occasions when no drugs are found despite a positive alert, such as when a container having held the drugs is present. Additionally,

the quantity of contraband is sometimes merely a trace amount, so small as to be unrecoverable. Aron has been deployed hundreds of times since 2003, and has performed hundreds of vehicle sniffs. Based on the statistics as compiled by defense counsel, Officer Gazdick estimates Aron to have been 85% accurate in the field for the year 2006.

On May 2, 2008, the pair responded to the scene of a traffic stop involving a white van. Aron was deployed for a narcotics sniff and alerted to the presence of drugs. Ecstacy and marijuana were both recovered from the vehicle.

### III.  Analysis

According to Defendant, "before the Court can find that the arresting officers acted reasonably when they relied on the dog's purported 'alert' to search [his] van, it must determine that 'Aron' [(the drug detection dog)] was properly trained and certified, and that the 'alert' was otherwise reliable." Motion at 6-7.[2]

"Although the Eleventh Circuit has not extensively addressed the issue of a drug detection canine's reliability, the Court has found that training alone is sufficient proof of a dog's reliability." *United States v. Smith*, No. 2:06-cr-42-FtM-29SPC, 2006 WL 2226313, at *9 (M.D. Fla. Aug. 3, 2006) (citing, *inter*

---

[2]  As mentioned in the R & R at 6, the government concedes Defendant has standing to challenge the search of the van inasmuch as he possessed a reasonable expectation of privacy with regard to it.

*alia*, *United States v. Banks*, 3 F.3d 399, 402 (11th Cir. 1993) (per curiam)); *see also United States v. Toepfer*, Nos. 04-60090, 06-12718, 2008 WL 2673878, at *2 (11th Cir. July 9, 2008) (per curiam) (citing *Banks* as standing for the proposition "that probable cause is established when [a] drug-trained canine alerts to drugs"). Yet, the *Smith* court also proceeded to consider testimony bearing on a dog's reliability. *See Smith*, 2006 WL 2226313, at *10.

Here, it has been established that Aron has served as a certified narcotics detection dog since 2003. The dog and Deputy Gazdick have attended extensive narcotics detection training, and neither have ever been decertified. Accuracy as tested during this training has been 100%. Defendant remarked at argument about the lack of a precise definition of a drug-trained canine. However, if Aron does not qualify as such, it is difficult for the Court to imagine what animal would. Therefore, it would seem that Aron's alert to the drugs involved in the instant case could be considered to establish probable cause—without the need to inquire further. *Cf. United States v. Nelson*, Civil Action No. 5:07-CR-63-HL, 2008 WL 345605, at *3 (M.D. Ga. Feb. 6, 2008) (determining a dog was satisfactorily reliable due to evidence presented concerning the animal's training).

Apart from the fact of training, Aron's results have been sufficient to permit reliance on his alerts as establishing probable cause to search. Certainly, his degree of success during training leaves no room for improvement, as he has demonstrated a 100% accuracy rate. *Cf. United States v. McNicoll*, No. CR408-081, 2008 WL 4087746, at *2 n.3 (S.D. Ga. Sept. 3, 2008) (finding that success rate during "training period—when the presence or absence of drugs could be carefully controlled—is the best measure of [a dog's] skills and reliability"). Even taking Defendant's position as to the facts as true, Aron has been more than 55% accurate in the field. Given that probable cause is not a particularly demanding standard, *see, e.g., United States v. Carroll*, 537 F. Supp.2d 1290, 1297 (N.D. Ga. Feb. 1, 2008) (stating requires less than preponderance), it is apparent that a positive alert from this dog could be relied on as justification for the search of Defendant's van.

The Court acknowledges the argument that because the dog detects the odor of drugs, and not drugs directly, there is a potential for false alerts. Nevertheless, even the facts as urged by Defendant reveal that most of the time Aron has alerted in the field, contraband has actually been found present. His alerts, then, correspond to at least "'a fair probability that contraband or evidence of a crime will be found[.]'" *Id.* (quoting *United States v. Dunn*, 345 F.3d 1285, 1289 (11th Cir. 2003)) (also holding

- 5 -

that a 52% accuracy rate "is sufficient for [an] alert to establish probable cause"); *cf. McNicoll*, 2008 WL 4087746, at *2 n.3 (recounting testimony the dog at issue was "trained to detect the *odor* of drugs"). In other words, under the circumstances of this case, his positive alert supplied the officers with probable cause.

### RECOMMENDATION

Based on the foregoing, it is recommended the Motion (Doc. #23) be **DENIED** with regard to the issue discussed herein.

**ENTERED** at Jacksonville, Florida, this 22nd day of October, 2008.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of record
    and pro se parties, if any